UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION


FILED
MAR 0 8 2011
CLERK

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR. 10-40100 |
| Plaintiff, | REPORT AND RECOMMENDATION RE: "ARREST OF INDICTMENT REMOVAL FOR CAUSE TO THE LAND" (DOC. 8) |
| vs. | |
| THOMAS R. KELLEY, | |
| Defendant. | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Pending is defendant's "Arrest Of Indictment Removal For Cause To The Land" which is construed as a motion to dismiss the indictment.[1]

## BACKGROUND

On September 8, 2010, Kelley was indicted for escape in violation of 18 U.S.C. §§ 3146(a)(l), 3146(b)(1)(A)(i) and 3146(b)(2) after he failed to appear for sentencing on August 23, 2010, in case number CR. 08-40173, entitled *United States v. Thomas R. Kelley*.[2] Kelly was arrested on December 22, 2010.[3] His initial appearance was held on December 23, 2010.[4] An order of

---

[1] Docs. 8 & 14.

[2] Doc. 1.

[3] Doc. note of 12/22/2010.

[4] Doc. 3.

detention was filed the same day.[5] Counsel was appointed for Kelley on December 23, 2010.[6] On January 25, 2011, after an *ex parte* hearing Kelley was allowed to represent himself with standby counsel.[7] On February 3, 2011, Kelley filed his own order granting his own "arrest of the INDICTMENT," i.e. he entered his own order dismissing the indictment against himself and releasing himself from jail.[8] This, too, is construed as a motion to dismiss the indictment.

## KELLEY'S CLAIMS[9]

**STATEMENT OF ISSUES AND COMPLAINT.** The Jury Verdict in File CR08-40173 is entered by fraud, on the premise that Judge Piersol failed to properly inform the Jury of the real law of the case and its lawful *Territorial Application*, mainly that of the SUBTITLE A Income Tax, claimed to be owed or wrongly refunded, was in fact a tax applied **(only)** in and to the District of Columbia by Definition in Section 7701 (9)(10). . . .[10]

**ISSUE ONE: PUBLIC OFFICIALS ARE UNDER CONTRACT AS PER THE CONSTITUTION AND STATUTORY LAW.** Those holding Public Office under the Constitution and/or Statutory Law have a **WRITTEN** contract with *We The People (and the Republic)*. The contract clearly states there is compensation for the services. This compensation is

---

[5]Doc. 4.

[6]Docs. 3 & 5.

[7]Doc. 12.

[8]Doc. 14.

[9]Kelley's claims are stated in his own words, his own misspellings and his own incomplete citations, notwithstanding that all of us make the same kinds of mistakes.

[10]Doc. 8, p. 3.

2

for "*Honest Service*" as per **WRITTEN** contract/trust/charter, or whatever phrase that is used for the job position serving **We The People**. . . .[11]

. . . . It is now found, as a matter of fact, that the **INDICTMENTS** in both CR 10-40100 and in File CR08-40173 are unlawful when Income Tax prosecution occurs in one of the "**50 States**", when the District of Columbia is the only area to which the SUBTITLE A, Section 1 and 11 are **Territorially Applied**. . . .[12]

**ISSUE TWO: CURE FOR CONTRACTUAL VIOLATION**. This Executor sets forth the cure for contractual violation against the party that made the contract with **"We the People" Constitution for the United States of America**. The cure is **A)** Prosecution Compliance with the **Territorial Application** of Section 1 and 11, as found in Section 7701(9))10), **B)** Release from incarceration and bondage, **C)** dismissal of all actions, as required by law, and **D)** return of all property unlawfully seized, final determination, of which, is made only by Thomas Richard Kelley.[13]

**ISSUE THREE: STATE OF EMERGENCY**. The acts done in both CR 10-40100 and CR08-40173 are acts done under executive Powers when the Secretary of the treasury allows those acts done outside the law. The Secretary of the Treasury (and the President) shall immediately determine, whether such ratification of acts below is continued by the office, or whether proper discipline is done on those under his Office and Duty. 10 days is sufficient allowable time.

Further, Congress shall immediately determine, whether such ratification of insurrection, **[legislating law Territorially Applied, but executed and enforced outside of that law, as**

---

[11]Doc. 8, p. 7.

[12]Doc. 8, p. 7-8.

[13]Doc. 8, p. 8-9.

described on page 3 (and following)] is continued or whether discipline is placed on the Executive and Judicial Departments in the execution and enforcement of the laws Congress has legislated. 10 days is sufficient allowable time.[14]

**ISSUE FOUR: 28 USC JUDICIARY & JUDICIAL PROCEDURE**. . . . It is no small matter, to have explained that the Definitions **"Territorially Applies"** any associated tax legislation, including the alleged income tax claim exerted in both CR10-40100 and CR08-40173. In essence, all the Officers acting in those cases were notified that SUBTITLE A, Section 1 and 11, taxes legislated by Congress, were **"Territorially Applied"** in Section 7701(9)(10) **only** to the District of Columbia, not to Salem, South Dakota.[15]

**ISSUE FIVE: OATH OF OFFICE MAKES PUBLIC OFFICIALS "FOREIGN"** . . . . . The Oath of Office requires the public official in his/her foreign state capacity to uphold the Constitution, and guarantee to each State a republican form of government. The right to review against the unlawful foreign acts is preserved by Thomas Richard Kelley. Such willful action, outside the law, while serving in **"official"** capacity, violates Title 18 USC, Section § 1918: . . . .

. . . . This violation makes grounds for the claim stated in **COMMERCIAL SECURITY AGREEMENT 1957T-SAO1**. . . . .[16]

**ISSUE SIX: COURTS OPERATING UNDER WAR POWERS ACT**. The Courts may be operating under the Emergency War Powers Act. Some claim the country has been under a declared **"state of emergency"** for the past 70+ years, appearing to result in the Constitution

---

[14] Doc. 8, p. 9.

[15] Doc. 8, p. 10.

[16] Doc. 8, p. 11.

being suspended (See Title 50 USC Appendix -Trading with the Enemy Act of 1917). . . .

. . . . There is no presumption of a **"national emergency"**. The President had not **"Territorially Applied"** any Title 18 or Title 26 matter, differently than what is states in **"MEMORANDUM IN SUPORT OF DECLARATION OF STATE OF ARREST MOTION FOR JUDGMENT OF DISMISSAL JURY VERDICT NOT WITH STANDING."** No action was done under **§ 18. Jurisdiction of courts of Philippines and Canal Zone of offenses**. No claim may be denied under **§ 21. Claims of naturalized citizens as affected by expatriation.** Nor may any denial be based on **§ 22. Fugitives from justice barred from recovery.**[17]

## ANALYSIS

The President did not comply within ten days as Kelley ordered him to do. Congress did not comply within ten days as Kelley ordered it to do. Likewise, the court will not comply with Kelley's order to dismiss the grand jury's indictment against him. Kelley's gobbledygook fails to demonstrate any reason to grant his motion to dismiss the indictment. His territorial argument was laid to rest, if not denounced, more than twenty years ago.[18] "An indictment is sufficient if it fairly informs the accused of the charges against him and allows him to plead double jeopardy as a bar to a future prosecution."[19] The indictment here plainly charges Kelley with failure to appear in violation of 18 U.S.C. §§ 3146(a)(l), 3146(b)(1)(A)(i) and 3146(b)(2) after he failed to appear for his sentencing

---

[17] Doc. 8, p. 12-13.

[18] *U.S. v. Collins,* 920 F.2d 619, 629-630 (10th Cir. 1990) (internal citations omitted). An Eighth Circuit Court of Appeals decision is among those cited in *Collins. U.S. v. Drefke*, 707 F.2d 978 (8th Cir. 1983).

[19] *U.S. v. Redzic,* 627 F.3d 683, 689 (8th Cir. 2010).

hearing. It is recommended that Kelley's Arrest Of Indictment Removal For Cause To The Land (Docs. 8 and 14) should be DENIED.

## NOTICE TO PARTIES

The parties have fourteen (14) days after service of this Report and Recommendation to file written objections pursuant to 28 U.S.C. § 636(b)(1), unless an extension of time for good cause is obtained. Failure to file timely objections will result in the waiver of the right to appeal questions of fact. Objections must be timely and specific in order to require de novo review by the District Court.

*Thompson v. Nix*, 897 F.2d 356 (8th Cir. 1990).

*Nash v. Black*, 781 F.2d 665 (8th Cir. 1986).

Dated this __8__ day of March, 2011.

BY THE COURT:

_____
John E. Simko
United States Magistrate Judge