

FILED
JAN 28 2016

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR 10-40100 |
| Plaintiff, | |
| vs. | ORDER |
| THOMAS R. KELLEY, | |
| Defendant. | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Pending before the Court is Defendant's Motion to Vacate Judgment Pursuant to Federal Rules of Civil Procedure: Rules 60(b)(1), (2), (3) and (6) and Rules 60 (d)(1) and (3), Doc. 112. Defendant argues that, based on newly discovered evidence, his judgment should be vacated. The new evidence being asserted is that, under 18 U.S.C. §§ 3231, 4081, 4082, the Court was without jurisdiction to enter judgment against Defendant and commit him to the custody of the Bureau of Prisons. While the argument is unclear, Defendant maintains that the three statutes were repealed, then reenacted, and mis-cited or misapplied by the Court. *See* Doc. 112 at 2 ("P.L. 772 chapter 645 clearly shows nothing listed under § 1, 62, Stat.826, and, even if there was it would have been repealed, and re-enacted under § 1, 62, Stat. 683, which it should show (NOT 62, Stat. 826).") (emphasis in original).

The Court does not understand how this is newly discovered evidence. Even if the Court were to accept, *arguendo*, that the statutes were repealed and reenacted elsewhere in the United States Code, Defendant has not shown that such evidence could not have been discovered at an earlier time as required by Rule of Civil Procedure 60(b)(2). Moreover, Defendant attached as Exhibits A through C to his motion copies of 18 U.S.C. §§ 3231, 4081, 4082 and each contain the citation which Defendant argues is incorrect. For example, Exhibit A, which is a copy of 18 U.S.C. § 3231, contains the following citation: (June 25, 1948, ch 645, § 1, **62 Stat. 826**.) (emphasis in original). Such is the precise citation that Defendant argues is incorrect. Exhibit D, titled, "P.L. 772 [Ch. 645] - June 25, 1948," Doc. 112-4 at 1 (brackets in original), lists various statutes contained in

P.L. 772. Defendant argues the three statutes in issue are not listed and were, therefore, repealed. It should be noted, however, that the copyright listed on Exhibit D is marked 2013 while the copyrights listed on Exhibits A through C are marked 2015. Therefore, the citations would have been changed to what Defendant argues they should be if a change were necessitated. Again, however, the citations contained in Exhibits A through C are the citations Defendant argues are incorrect.

In addition, the Court does not agree that any of what Defendant argues rises to "mistake, inadvertence, surprise, or excusable neglect," Fed.R.Civ.P. 60(b)(1), or "fraud [], misrepresentation, or misconduct by an opposing party[.]" Fed.R.Civ.P. 60(b)(2). The three statutes were enacted on June 25, 1948 and remained so on the date judgment was entered against Defendant.

IT IS ORDERED:

1. That Defendant's Motion to Vacate Judgment Pursuant to Federal Rules of Civil Procedure: Rules 60(b)(1), (2), (3) and (6) and Rules 60 (d)(1) and (3), Doc. 112, is denied.

Dated this 28th day of January, 2016.

BY THE COURT:

Lawrence L. Piersol
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK
BY: _____
DEPUTY